[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #134.75
This case is before the court on the defendants' motion for summary judgment.
The following facts are pertinent to a determination of this matter:
On July 15, 1994, the plaintiff, Ralph T. Ambrosino, Jr. filed a one count substituted complaint alleging breach of contract(s) against the defendants, Superior Plating Company, Superior Technology Corporation and John L. Raymond. The CT Page 5433-W plaintiff alleges the following facts in his complaint. "At the time of his wrongful termination, the plaintiff was employed at a base salary of $145,000, and, further by agreement reached on or about June of 1990, which agreement was oral but was evidenced by some unsigned writings, the plaintiff was to receive one-sixth (1/6) of the net profits, which one-sixth (1/6) for the fiscal year ending January, 1993 and for future fiscal years is in an amount presently unknown to the plaintiff. In addition, the plaintiff had been promised long term employment (which promise was oral and which promise based on a document prepared by the defendants was to mean at least January 31, 2000) with a severance package if he were not so employed. On July 29, 1992, the defendants terminated the employment of the plaintiff for alleged `insubordination,' but in reality the defendants terminated the plaintiff's employment in order to avoid payment to the plaintiff of the bonus and other obligations to which the defendant had agreed . . . consisting of base salary, bonus, vacations, holidays, sick leave, use of an automobile, pensions, etc., all of which constitute generally the employment benefits of the plaintiff."
On September 15, 1995 the defendants filed an amended answer alleging two special defenses, the statute of frauds, General Statutes § 52-550, and a failure to mitigate damages.
On October 5, 1995, the defendants filed a motion for summary judgment arguing that the record fails to establish an implied contract for long term employment. The defendants contend that the plaintiff was an at-will employee who could be terminated at the will of the employer and that even if the plaintiff was not an at-will employee, he was discharged for just cause. The defendants also argue that summary judgment should be granted in favor of John L. Raymond and Superior Technology Corporation because they were not the plaintiff's employer. In support of their motion for summary judgment, the defendants filed the affidavit of John L. Raymond, a partial certified transcript of the plaintiff's deposition testimony, the plaintiff's answers to interrogatories, and copies of three unsigned documents entitled: (1) Agreement, (2) Executive Indemnity Agreement, and (3) Executive Incentive Plan.
On January 22, 1996, the plaintiff filed a memorandum in opposition to the motion for summary judgment and an affidavit of Ralph T. Ambrosino, Jr., a partial certified transcript of Ralph T. Ambrosino, Jr.'s deposition and a supplemental affidavit of CT Page 5433-X Ralph T. Ambrosino, Jr. The plaintiff argues that the record raises a genuine issue of material fact as to whether the parties entered into either a contract for long term employment and/or a contract for bonus and profit sharing.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242,250, 654 A.2d 748 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; ellipses omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts." (Alterations in original.) Connecticut Bank Trust Co.v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991).
"A material fact is a fact that will make a difference in the outcome of the case. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents." (Citations omitted.) Reynolds v. Chrysler FirstCommercial Corp., 40 Conn. App. 725, 729, 673 A.2d 573, cert. denied, 237 Conn. 913, ___ A.2d ___ (1996), citing Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578-79,573 A.2d 699 (1990).
The complaint alleges that the plaintiff was not employed as CT Page 5433-Y an employee at will, but rather, was employed pursuant to a promise for long term employment. In order to prevail on this claim the plaintiff must demonstrate an actual agreement by the defendant to enter into an employment contract for long term employment.
"[A]s a general rule, contracts for . . . an indefinite term, are terminable at will." Torosyan v. Boehringer IngelheimPharmaceutical, Inc., 234 Conn. 1, 14, 662 A.2d 89 (1995). "Pursuant to traditional contract principles . . . the default rule of employment at will can be modified by the agreement of the parties." Id. "A contract implied in fact, like an express contract, depends on actual agreement." D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 211 n. 2,520 A.2d 217 (1987). "A contractual promise cannot be created by plucking phrases out of context; there must be a meeting of minds between the parties." Christensen v. Bic Corporation, 18 Conn. App. 451,458, 558 A.2d 273 (1989). The mere fact that the plaintiff believed he had a promise for long term employment is irrelevant unless the record presents some evidence that the defendant intended to enter into a contract for a definite term. Id. See also Reynolds v. Chrysler First Commercial Corp., supra,40 Conn. App. 729.[1]
Here the plaintiff has provided no evidence that would permit a trier of fact to draw a reasonable inference that the parties entered into an implied contract for long term employment. The complaint alleges that the defendants' oral promise for long term employment was "based on a document prepared by the defendants [and] was to mean at least January 31, 2000." Neither the complaint nor the record indicates the specific "document prepared by the defendants" which evidences the defendants promise to employ the plaintiff "long term." Although the defendant has offered three unsigned documents drafted after a June 1990 meeting between John T. Raymond and the plaintiff, none of the documents indicate that the defendant promised the plaintiff long term employment.
The first document, the Agreement, cannot be the document referred to in the complaint because the plaintiff testified at his deposition that the parties never agreed to the terms of employment outlined in the Agreement. The second document, the Executive Indemnity Agreement, does not contain any language relating to the duration of the plaintiff's employment. That document deals only with the defendant's promise to indemnify the CT Page 5433-Z plaintiff for litigation expenses incurred on behalf of the corporation. Similarly, the third document, the Executive Incentive Plan, does not contain any language to indicate that the defendant promised the plaintiff long term employment. While the Executive Incentive Plan contains promises for various benefits including a bonus and profit sharing, these benefits are dependent upon the plaintiff's continued employment with the defendant. Section 8 of the Executive Incentive Plan states that: "The term of this Plan begins February 1, 1990 and ends on January 31, 2000. The Plan terminates before January 31, 2000, however, as to either Executive whose employment with the Company ceases for or by, whatever cause, reason or circumstance, voluntary or involuntary." The Executive Incentive Plan does not contain any language indicating that the defendant promised the plaintiff long term employment.
The complaint alleges that the plaintiff was promised long term employment "to mean at least January 31, 2000." In his supplemental affidavit the plaintiff asserts that he was promised long term employment for "approximately fifteen (15) years until I reached the age of sixty two to sixty five." Such evidence is insufficient to establish a contract of employment for a definite term. Consequently, summary judgment is appropriate on the claim of breach of employment contract.
The complaint also alleges, however, that the defendants breached an oral bonus and profit sharing agreement whereby the plaintiff was to receive one-sixth (1/6) of the profits of the defendant. The plaintiff asserts in paragraph 4 of his supplemental affidavit that "[i]n or around June 1990, it was discussed and agreed upon between John L. Raymond, on behalf of the defendants, and me that I would receive one-sixth (1/6th) of the net profits for each fiscal year, commencing the fiscal year ending January 1991." The defendant, John L. Raymond, asserts in paragraph 11 of his affidavit that the plaintiff never executed the profit sharing agreement drafted by the defendants' attorney and, "therefore, [we] never reached an agreement on the profit sharing . . . issue." It is clear that a genuine issue of material fact exists as to whether the parties entered into an oral contract for bonus and profit sharing. For the foregoing reason, summary judgment relief is not appropriate on the claim for breach of an oral agreement for profit sharing and bonuses.
The court is aware that there is a split of authority in the Superior Court regarding use of partial summary judgment relief, CT Page 5433-AA affecting only specific obligations in a single count.
However, in the interest of clarifying the issues, and allowing only viable claims to remain for resolution this court adopts the reasoning supporting use of partial summary judgment remedy as set forth in Cocca v. Pocesta, 2 Conn. L. Rptr. 69
(July 13, 1990); and Niper v. Johnston, 6 Conn. L. Rptr No. 4, p. 112 (March 30, 1992).
In summary, therefore, the court grants summary judgment in favor of the defendant on the plaintiff's claim of breach of employment contract, and denies summary judgment on the plaintiff's claim of breach of an oral agreement for profit sharing bonus benefits.
The Court
MAIOCCO, J.